IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

FILED
MAY 2 0 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

Sierra Club, )
 )
       Plaintiff, )
 )
vs. )
 ) Civil Action No. 05-4095-JPG
Franklin County Power of Illinois, LLC )
f/k/a EnviroPower of Illinois, LLC; )
EnviroPower, LLC; and Khanjee )
Holding (US) Inc., )
 )
       Defendants. )
 )

## COMPLAINT

Plaintiff, Sierra Club, by its undersigned attorneys, alleges as follows:

### INTRODUCTION

1.    Plaintiff, Sierra Club, brings this citizen suit against Defendants Franklin County Power of Illinois, LLC f/k/a/ EnviroPower of Illinois, LLC; EnviroPower, LLC; and Khanjee Holding (US) Inc. (hereinafter collectively "EnviroPower") for declaratory and injunctive relief and the imposition of civil penalties under the Federal Clean Air Act ("the Act"), 42 U.S.C. §§ 7401-7671q. This action seeks an order enjoining EnviroPower from constructing or proposing to construct a merchant power plant ("the Power Plant") in Benton, Illinois without a valid Prevention of Significant Deterioration ("PSD") permit.

## JURISDICTION AND VENUE

2. This citizen suit is brought pursuant to 42 U.S.C. §§ 7604(a)(3). As such, this Court has subject matter jurisdiction of this action pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 and 1355.

3. Venue is proper in this District pursuant to 42 U.S.C. § 7904(c)(1) because the Power Plant is located in this District.

## PARTIES

4. Plaintiff, the Sierra Club, is a non-profit membership organization founded in 1892. Sierra Club's Illinois Chapter has more than 27,000 members. The Sierra Club's purpose is to preserve, protect, and enhance the natural environment. Air quality has long been an integral issue addressed by the Sierra Club's Illinois Chapter through education, permitting processes, legislative initiatives and litigation. Sierra Club members recreate, work, own real estate, grow crops and study in and near areas affected by the Power Plant. The air quality of these areas affects the recreational, aesthetic, and economic interests of Sierra Club's members. The interests of Sierra Club's members will be adversely affected by pollution from the Power Plant because the level of pollutants to be discharged from the Power Plant will degrade air quality, injuring and/or damaging wildlife, vegetation, and real estate in areas used by Sierra Club's members, and harm the aesthetic enjoyment of these areas by Sierra Club members. Construction of the Power Plant without a valid PSD permit will also adversely affect the health of Sierra Club's members. An order of this Court directing

Defendants to procure a new PSD permit prior to constructing the Power Plant will redress the injuries to Sierra Club's members because of the recent significant advances in pollution control technologies that will be required under a new permit.

5. Defendant Franklin County Power of Illinois, LLC is an Illinois for-profit Limited Liability Company established on August 14, 2000 as EnviroPower of Illinois, LLC. On information and belief, EnviroPower of Illinois, LLC changed its name to Franklin County Power of Illinois, LLC on April 17, 2001. On information and belief, Franklin County Power of Illinois, LLC is a wholly-owned subsidiary of EnviroPower, LLC.

6. Defendant EnviroPower, LLC is a Kentucky for-profit Limited Liability Company established on October 7, 1999. EnviroPower, LLC's primary office is located in Houston, Texas. On information and belief, EnviroPower, LLC is a wholly-owned subsidiary of Khanjee Holding (US) Inc. EnviroPower, LLC exercises substantial control over the activities of Franklin County Power of Illinois, LLC. EnviroPower, LLC effectively controls Franklin County Power of Illinois, LLC.

7. Defendant Khanjee Holding (US) Inc., is a Delaware for-profit corporation established on August 29, 2001. Khanjee Holding (US) Inc.'s primary office is located in Fairfax, Virginia. On information and belief, Khanjee Holding (US) Inc., exercises substantial control over the activities of EnviroPower, LLC and Franklin County Power of Illinois, LLC. Khanjee Holding (US) Inc., effectively controls Franklin County Power of Illinois, LLC and EnviroPower, LLC.

3

## CLAIM AGAINST DEFENDANTS FOR
## CONSTRUCTING A POWER PLANT WITHOUT A VALID PSD PERMIT

8. Sierra Club realleges paragraphs 1 through 7 above as if fully alleged herein.

9. The Clean Air Act ("CAA" or "the Act") is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and the productive capacity of its population. 42 U.S.C. § 7401(b)(1).

10. Part C of the Act sets forth requirements for the prevention of significant deterioration of air quality. Those requirements are designed to protect public health and welfare, to assure that economic growth will occur in a manner consistent with the preservation of existing clean air resources and to assure that any decision to permit increased air pollution is made only after careful evaluation of all the consequences of such a decision and after public participation in the decision-making process. 42 U.S.C. §§ 7470-7492.

11. Part C of the Act requires, among other things, that "no major emitting facility on which construction is commenced after August 7, 1977, may be constructed in any area to which [the Prevention of Significant Deterioration program] applies unless a permit has been issued for such proposed facility in accordance with this part setting forth emission limitations for such facility which conform to the requirements of this part[.]" 42 U.S.C. § 7475(a).

12. The relevant regulation discusses commencement of construction as follows:

> Commence as applied to construction of a major stationary source or major modification means that the owner or operator has obtained all the necessary preconstruction approvals or permits and either has (i) Begun, or caused to begin, a continuous program of actual on-site construction of the source, to be completed within a reasonable time; or (ii) Entered into binding agreements or contractual obligations, which cannot be cancelled or modified without substantial loss to the owner or operator, to undertake a program of actual construction of the source to be completed within a reasonable time.

40 C.F.R. § 52.21(b)(9).

13. The relevant regulation defines actual construction as:

> Begin actual construction means, in general, initiation of physical on-site construction activities on an emissions unit which are of a permanent nature. Such activities include, but are not limited to, installation of building supports and foundations, laying underground pipework and construction of permanent storage structures. With respect to a change in method of operations, this term refers to those on-site activities other than preparatory activities which mark the initiation of the change.

40 C.F.R. § 52.21(b)(11).

14. In Illinois, the Illinois Environmental Protection Agency ("IEPA") is charged with issuing CAA PSD permits to major emitting facilities.

15. The regulations provide that PSD permit approval to construct a major emitting source shall become invalid if:

> construction is not commenced within 18 months after receipt of such approval, if construction is discontinued for a period of 18 months or more, or if construction is not completed within a reasonable time.

40 C.F.R. § 52.21(r)(2).

16. On August 15, 2000, EnviroPower requested a PSD permit from IEPA to construct the Power Plant in Benton, Illinois.

17. On July 3, 2001, IEPA issued EnviroPower a PSD permit to construct a 500-megawatt baseload circulating fluidized bed coal/coal refuse-fired boiler power plant.

18. IEPA found that the Power Plant will have potential annual emissions of 5,595 tons of sulfur dioxide ($SO_2$), 2,808 tons of nitrogen oxides ($NO_x$), 466 tons of particulate matter (PM), 6,040 tons of carbon monoxide (CO), 162 tons per year of volatile organic materials (VOM) and 9.6 tons per year of fluorides.

19. EnviroPower's PSD permit was set to expire on January 3, 2003.

20. On information and belief, EnviroPower did not "commence construction" on the Power Plant on or before January 3, 2003, as the phrase "commence construction" is defined in the Clean Air Act regulations.

21. On information and belief, EnviroPower did not receive an extension from IEPA to construct the Power Plant.

22. The Clean Air Act provides that "any person may commence a civil action on his own behalf . . . against any person who proposes to construct or constructs any new or modified major emitting facility without a permit required under part C of subchapter I of this chapter (relating to significant deterioration of air quality)[.]" 42 U.S.C. § 7604(a)(3).

23. The Power Plant is a "new major emitting facility" because it will include

a fossil-fuel boiler with the potential to emit more than one hundred tons per year of the following air pollutants: sulfur dioxide, nitrogen dioxide, carbon monoxide, volatile organic compounds, and particulate matter.

24. The Power Plant is required to have a PSD permit under part C of subchapter I of the Clean Air Act.

25. EnviroPower does not have a valid PSD permit for the Power Plant.

26. In October 2003, EnviroPower publicly stated that it intended to complete development and commence construction of the Power Plant in the first quarter of 2004.

27. In December 2004, EnviroPower publicly indicated its intent to proceed with construction of the Power Plant.

28. EnviroPower proposes to construct a major emitting facility without a valid PSD permit in violation of 42 U.S.C. § 7604(a)(3).

**WHEREFORE**, Plaintiff prays for the following relief:

A. A temporary restraining order, preliminary injunction and permanent injunction requiring EnviroPower to stop actual construction of the Power Plant until EnviroPower has a valid PSD permit;

B. A declaration that EnviroPower's construction of the Power Plant after January 3, 2003 is illegal;

C. An order requiring EnviroPower to pay a fine for each day that EnviroPower constructed or proposed to construct the Power Plant without a valid PSD permit. See 42 U.S.C. § 7604(g);

D.  An order requiring EnviroPower to pay the costs of litigation, including reasonable attorneys' fees and expert witness fees; and

E.  All other relief the Court deems just and proper.

Respectfully submitted this 19th day of May, 2005.

CULLEN WESTON PINES & BACH LLP

*[signature]*

Lester A. Pines
Wisconsin State Bar No. 01016543
Lee Cullen
Wisconsin State Bar No. 01014859
Kira Loehr
Wisconsin State Bar No. 1042899
122 West Washington Avenue, Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile: (608) 251-2883


Bruce Nilles
Illinois State Bar No. 6279529
Great Lakes Clean Air Program
Sierra Club
214 N. Henry Street, Suite 203
Madison, WI 53703
Telephone: (608) 257-4994
Facsimile: (608) 257-3513

*Attorneys for the Plaintiff Sierra Club*