IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FRANKLIN COUNTY POWER OF ILLINOIS, LLC f/k/a EnviroPower of Illinois, LLC; ENVIROPOWER, LLC; and KHANJEE HOLDING (US) INC.,<br><br>　　　　　　Defendants. | Case No. 05-cv-4095-JPG |

**MEMORANDUM AND ORDER**

　　　　This matter comes before the Court on the motion of defendant Khanjee Holding (US) Inc. ("Khanjee") to dismiss it from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative for, judgment on the pleadings pursuant to Rule 12(c) (Doc. 13). Plaintiff Sierra Club has responded to the motion (Doc. 22), and Khanjee has replied to the response (Doc. 23).

　　　　As a preliminary matter, the Court notes that both parties have attached matters outside the pleadings to their briefs – affidavits from witnesses to support their opposing positions. Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, the Court may convert the motion to dismiss into a motion for summary judgment or it may exclude the additional material from consideration. Khanjee asks the Court to apply the exception to this rule discussed in *Tierney v. Vahle*, 304 F.3d 734 (7th Cir. 2002). *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). That narrow exception, however, applies only to attachment of additional material that has been referred to in the complaint, that is indisputably authentic and that is central to the plaintiff's claim. *Tierney*, 304

F.3d at 738. The quintessential example of where consideration of such material is appropriate is where the plaintiff has filed a breach of contract claim but failed to attach the contract as an exhibit to the complaint, and the contract shows that the plaintiff is entitled to no relief. *Id.*

This is not a case that falls into the exception discussed in *Tierney*. The affidavit Khanjee attaches to the motion is not simply a document Sierra Club declined to attach to its complaint in an effort to avoid dismissal or of which it had notice of at the time it filed the complaint. On the contrary, the affidavit is a document created after the complaint was filed specifically for the purpose of supporting the motion. Thus, the *Tierney* exception does not apply.

Furthermore, the Court finds that it is appropriate to exclude the additional material from consideration when deciding this motion and will consider the motion not as a summary judgment motion under Rule 56 but instead as it was captioned, under Rule 12(b)(6) or, alternatively, under Rule 12(c).

## I.     Standards for Dismissal/Judgment on the Pleadings

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Brown*, 398 F.3d at 908; *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985). A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a). This is true even when a plaintiff makes a conclusory allegation of shared corporate responsibility. *See, e.g., Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000).

As with motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if "it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (quotations omitted); *accord Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The Court considers the complaint, answer and any written instruments attached to those pleadings, accepts all well-pleaded allegations in the complaint as true and draws all inferences in favor of the

plaintiff. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001); *Forseth*, 199 F.3d at 368.

## II.   Analysis

The complaint alleges that one or both of Khanjee's codefendants applied for and were granted a permit under the Clean Air Act's Prevention of Significant Deterioration program ("PSD") to allow construction of a power plant in Benton, Illinois. (Khanjee could not have applied for the permit because, as the complaint acknowledges, it did not exist at that time.) The permit expired, but the defendants (including Khanjee, which by this time existed and could have had a bearing on the other defendants' acts) improperly continued or planned to continue the construction anyway. The complaint further alleges that Khanjee is responsible for some or all of the acts of the other defendants because it either directly or indirectly wholly owns the other defendants and exercises substantial control over them.

This is sufficient to state a claim against Khanjee under the liberal federal notice pleading requirements, which only require Sierra Club to plead the bare minimum facts to put Khanjee on notice of the claim against it. The cases cited by Khanjee to argue otherwise are outdated. Many were issued when the notice pleading requirement was not viewed as liberally as it is today. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002); *Leatherman*, 507 U.S. at 168; *Higgs*, 286 F.3d at 439. For example, the case primarily relied on by Khanjee, *Bright v. Roadway Services, Inc.*, 846 F. Supp. 693 (N.D. Ill. 1994), was decided just over a year after the landmark notice pleading case of *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* but does not once mention that case. It does not incorporate *Leatherman*'s modern understanding of federal notice pleading requirements. On the other hand, *Hickey v. O'Bannon*,

287 F.3d 656, 658 (7th Cir. 2002), a fairly recent pleading case, was not decided based on a plaintiff's failure to plead sufficient facts but instead was decided on the plaintiff's pleading of facts that affirmatively demonstrated he had no cause of action.

Whether the allegations of the underlying Clean Air Act violation prove true and whether the corporate relationship between Khanjee and the other defendants is sufficient to warrant imposing liability on Khanjee are matters to be determined later in this case. Should Khanjee feel the corporate responsibility issue is dispositive of Sierra Club's case against it, it is free to ask Magistrate Judge Frazier to limit Khanjee's participation in discovery to issues relating to corporate governance and responsibility pending the resolution of this issue.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss or, in the alternative, for judgment on the pleadings (Doc. 13).

**IT IS SO ORDERED.**
**Dated: December 14, 2005**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**