IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIERRA CLUB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.: 05-4095-JPG |
| | ) |
| FRANKLIN COUNTY POWER | ) |
| OF ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to maintain documents under seal and for amendment of the protective order (Doc. No. 89). The motion is opposed, in part (Doc. No. 95).

<u>Maintaining documents under seal</u>. Defendant states that the documents at issue are confidential business records that were never intended to be released to the public. They also note that the claims may be resolved without a trial.

The authority to maintain documents under seal derives from Rule 26(c), which allows the Court to enter protective orders "for good cause shown." Because the general public has an interest in documents presented to the Court, the customary rule is that records and documents filed with the Clerk are open to public inspection. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-599(1978); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000). The party seeking to maintain document confidentiality has the burden of showing good cause. This typically entails a detailed analysis supported by valid reasons and legal citation. *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002).

The defendant has not discussed its business records or offered particular and specific reasons to keep letters, agreements, and other records out of public view.  Also, the defendant has not cited authority or shown a likelihood that it would suffer harm if specific business records or deposition testimony regarding those records are not maintained under seal.  The fact that defendant prefers to keep its business records private is insufficient to show good cause.  The fact that the claims may be resolved without a trial is also insufficient to show good cause.

<u>Modification of Protective Order</u>.  Defendants suggest that the protective order should be modified to require the parties to confer and attempt to reach agreement regarding the documents that the parties must file under seal, pending review by the Court.  Because plaintiff has offered to file any documents that have been marked confidential under seal, this request is MOOT.

Defendant's motion (Doc. No. 89) is DENIED.  The Clerk is DIRECTED to unseal the following exhibits:

Document No. 53, Exhibit A
Document No. 54, Exhibit B
Document No. 55, Exhibit C
Document No. 57, Exhibit E
Document No. 58, Exhibit F

**DATED:  May 19, 2006**

*s/Philip M. Frazier*
**United States Magistrate Judge**