**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS, BENTON DIVISION**

| | |
|---|---|
| Sierra Club,                )  | |
|         Plaintiff,   ) | |
| vs.                          ) | |
| )                             | Civil Action No.  05-4095-JPG |
| Franklin County Power of Illinois, LLC,   ) | |
| et al.                        ) | |
|         Defendants.   ) | |

_____

**PLAINTIFF'S MOTION FOR THE IMPOSITION OF A FINE AND
FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**
_____

**I.      INTRODUCTION.**

Pursuant to sections 304(d) and (g) of the Clean Air Act, 42 U.S.C. §§ 7604(d) and (g), Federal Rule of Civil Procedure 54(d), Southern District of Illinois Local Rule 54.2, and the Court's Orders dated February 9, 2009 (Doc. 143) and June 30, 2009 (Doc. 147), Plaintiff, Sierra Club, respectfully moves the Court for the imposition of a $100,000 fine and an award of $335,935.00 in attorneys' fees and $36,442.20 in costs in connection with the summary judgment in favor of Sierra Club and injunction against the Defendants entered in the above-captioned litigation on October 17, 2006 (Doc. 128).  The grounds for this motion are set forth below.

**II.     THE COURT SHOULD IMPOSE A FINE AGAINST DEFENDANTS FOR THEIR VIOLATIONS OF THE CLEAN AIR ACT.**

Sierra Club brought this case pursuant to section 304(a)(3) of the Clean Air Act ("CAA" or "the Act") authorizing citizens to bring suit against "any person who proposes to construct or constructs any new or modified major emitting facility" without a  Prevention of Significant Deterioration ("PSD") permit.  42 U.S.C. § 7604(a)(3); Doc. 1, ¶ 2.  In its Order granting Plaintiff's Motion for Summary Judgment, this Court declared that Defendants' construction of a

1

power plant in Benton, Illinois ("the Plant") after February 10, 2003[1] violated the CAA because Defendants' PSD permit expired. (Doc. 128, p. 29.)

Under section 304(a) of the Act, the Court has considerable discretion to "apply any appropriate civil penalties" it sees fit for such violations of the Act. 42 U.S.C. § 7604(a); *see also U.S. v. B & W Investment Properties*, 38 F.3d 362, 368 (7th Cir. 1994), *cert. denied*, 514 U.S. 1126 (1995) (assessment of a civil penalty under the Act is committed to the informed discretion of the trial court). Civil penalties "encourage defendants to discontinue current violations and deter them from committing future ones." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services, Inc.*, 528 U.S. 167, 186 (2000).

A penalty may be assessed for each day Defendants violated the Act. 42 U.S.C. § 7413(e)(2). By law, the maximum penalty available for each day of violation prior to March 15, 2004 is $27,500; from March 16, 2004 through January 12, 2009 is $32,500; and from January 13, 2009 to the present is $37,500. 40 C.F.R. § 19.4; 42 U.S.C. § 7413(b). Penalties are payable to the United States Treasury. 42 U.S.C. § 7604(g)(1). The Act allows up to $100,000 of any penalties imposed to be used in beneficial mitigation projects "which are consistent with [the Act] and enhance the public health or the environment." 42 U.S.C. § 7604(g)(2).

The Court is required to obtain the view of the EPA Administrator in exercising such discretion and selecting any such projects. *Id*. To help facilitate that process, Sierra Club is serving a copy of this motion, coincident with this filing, upon Cheryl Newton, the Director of EPA Region 5's Air and Radiation Division and Thomas Swegle, the Attorney Advisor in the

---

[1] In its submissions to the Court, Sierra Club argued that the PSD permit expired on January 3, 2003, 18 months from the date the permit was issued. (Doc. 51, p. 6; Doc. 153, p. 4.) Defendants argued that the 18-month period ended on February 10, 2003 based on a variety of statutes that they claimed extended the deadline. (Doc. 90, p. 12.) The Court doubted that Defendants were entitled to all of the additional time that they claimed, but it declined to resolve the issue because the Court found that the Defendants did not begin a continuous program of actual on-site construction before February 10, 2003. (Doc. 128, p. 20-21.) Without conceding that the Defendants calculation was correct, Sierra Club calculates the maximum amount of the fine using February 10, 2003 as the date of expiration of the permit.

Law and Policy Section of the Energy and Natural Resources Division of the Department of Justice.[2]

In determining the amount of any penalty to be assessed under section 304(a) of the Act, the court is required to take into consideration (in addition to such other factors as justice may require) the following:

- the size of the business;

- the economic impact of the penalty on the business;

- the violator's full compliance history and good faith efforts to comply;

- the duration of the violation as established by any credible evidence (including evidence other than the applicable test method);

- payment by the violator of penalties previously assessed for the same violation;

- the economic benefit of noncompliance; and

- the seriousness of the violation.

42 U.S.C. § 7413(e).

The Seventh Circuit has determined, "[i]n considering fines under the Act, courts generally presume that the maximum penalty should be imposed" unless mitigating factors warrant a lesser fine. *B&W Investment Properties,* at 368; 42 U.S.C. § 7413(e)(1). Thus, the first step in calculating the appropriate amount of a fine is to determine the maximum penalty that may be imposed.

Throughout this proceeding until the injunction was issued on October 17, 2006, Defendants consistently maintained that they were constructing and/or were proposing to construct the Plant. *See, e.g.*, Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (Doc. 66-1), p. 3 ("From July 2001 to this day, EnviroPower has been

---

[2] Mr. Swegle wrote the letter to the Court dated August 25, 2006 in response to the Notice the Court sent on August 11, 2006 regarding the constitutional issues raised by Defendants in this case.

3

engaged in a comprehensive, continuous program of actual on-site construction of the Franklin County Power Plant."). Adopting the court's statement that the PSD permit expired on February 10, 2003, the total fine for each day Defendants proposed to construct the Plant without a valid permit from February 10, 2003 to the date the injunction was entered on October 17, 2006 would be $41,712,500.[3] Thus, this is the maximum penalty that could be awarded from February 10, 2003 to October 17, 2006.

Sierra Club also calculated what the penalty could be for the imposition of a fine for only those days on which activities occurred on the site between February 10, 2003 and October 17, 2006. The record reflects that Alberici performed excavation work at the site on February 10, 11, 12, 13 and 14, and that J.M. Jones recommenced excavation work at the site on September 29, 2004. *See* Brief in Support of Plaintiff's Motion for Summary Judgment (Doc. 52), pp 7-8. It is unclear exactly when J.M. Jones ceased activity on the site; however, given that the Illinois Environmental Protection Agency noted that "no discernable evidence of continuous construction" existed as of November 19, 2004, and Larry Harp, an employee of the owner of the site who was regularly on the property noted that it took J.M. Jones "a few weeks" to complete excavation activities, it is reasonable to assume that J.M. Jones ceased excavation at the site on or about October 22, 2004. *Id*. at 8-9. Assessing the maximum fine for only these days would equate to $690,000.[4]

When considering these penalty amounts it is important to recall that the Defendants were proposing to construct a power plant that they expected to cost over $600 million (Doc. 58-, p. 9 of 23). Moreover, Defendants knew that they were in danger of violating the Act before

---

[3] From February 10, 2003 through March 15, 2004 is 400 days. 400 days at $27,500 per day is $11,000,000. From March 16, 2004 through October 17, 2006 is 945 days. 945 days at $32,500 per day is $30,712,500. $11,000,000 + $30,712,500 = $41,712,500.

[4] From February 10 through February 14, 2003 is 5 working days. 5 days at $27,500 per day is $137,500. From September 29, 2004 through October 20, 2004 is 17 working days. 17 days at $32,500 per days is $552,500. $137,500 + $552,500 = $690,000.

4

they began violating it. *See*, *e.g.*, December 6, 2002 memo from EnviroPower Vice-President Joseph Darguzas to EnviroPower President and CEO Frank Rotondi entitled *Maintaining Air Construction Permit Validity*. (Doc. 53-7, pp. 4-6 of 20.)

Although Sierra Club believes it would be warranted in seeking the above-discussed penalty amounts, Sierra Club is not requesting imposition of either of them. Instead, Sierra Club asks the Court to impose a total penalty of $100,000 against all three Defendants jointly and severally to be used for a beneficial mitigation project. *See* 42 U.S.C. § 7604(g)(2). The beneficial mitigation project Sierra Club proposes is the Jackson-Union County affiliate of Habitat for Humanity for the construction of energy efficient and weatherized affordable housing in Southern Illinois.

Habitat for Humanity has built over 300,000 houses around the world. Since its founding in 1976, the international nonprofit estimates that its efforts have provided safe, decent, affordable shelter to over 1.5 million people in over 3,000 communities.[5] In the United States, Habitat for Humanity has improved the housing and lives of more than 30,000 American families.[6]

Through "The Better Built" program, Habitat for Humanity highlights energy efficiency and environmentally friendly building practices. The program provides materials, resources, and contacts to Habitat affiliates engaged in building more sustainable houses. Local Habitat affiliates receive assistance from program staff that is tailored to the specific climate of the area where the affiliate builds. The Better Built program encourages affiliates to explore green

---

[5] http://www.habitat.org/how/factsheet.aspx
[6] http://www.habitat.org/intl/na/218.aspx

5

building options and results in houses that provide healthy indoor air quality, durability, and energy efficiency for homeowners.[7]

Constructing energy efficient and weatherized homes has tremendous benefits for public health and the environment. Saving energy and decreasing demand means that less energy must be produced and consumed—this in turn reduces the amount of global warming pollution and other harmful pollutants that are emitted into the atmosphere in regions that currently receive most of their energy from sources like coal. The Department of Energy states that at current rates, weatherization in the U.S. decreases national energy consumption by the equivalent of 15 million barrels of oil every year and that weatherization creates $2.10 in energy related benefits for every dollar invested.[8] The average home serviced by DOE's Weatherization program burns, after weatherization, 32% less natural gas and emits 1.62 fewer metric tons of $CO_2$ annually. Considering only the savings from direct use of natural gas and not including the savings from reduced electricity use, it is expected that for every million homes that are weatherized in the U.S. $CO_2$ emissions are reduced by 1,620,000 metric tons per year.[9]

Civil penalties are designed, in part, to deter violators from future violations of the Act. Sierra Club sincerely hopes that this $100,000 penalty will deter Defendants from any future attempts to construct or propose to construct a power plant with an expired permit. Directing the penalty funds to "The Better Built" program of Habitat for Humanity would be consistent with the Act in that it would enhance public health and the environment by promoting energy efficiency and contributing to the reduction of the release of harmful pollutants. Thus, the requested penalty should be imposed.

---

[7] http://www.habitat.org/env/better_built.aspx
[8] http://www.p2pays.org/ref/45/44545.pdf
[9] http://74.125.155.132/search?q=cache:HgR1Jv1TEowJ:www.opportunitystudies.org/repository/File/arra/WAP_CO2_Savings.pdf+weatherization+reduces+greenhouse+gas&cd=1&hl=en&ct=clnk&gl=us&client=safari

6

### III. THE COURT SHOULD AWARD SIERRA CLUB REASONABLE ATTORNEYS' FEES AND COSTS.

#### A. Sierra Club Is Entitled to an Award of Attorneys' Fees and Costs in Connection with the Successful Litigation of this Case.

As noted above, Sierra Club brought this case pursuant to 42 U.S.C. § 7604, which includes a fee-shifting provision stating, in part:

> The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate.

42 U.S.C. § 7604(d). As the United States Supreme Court noted, Congress enacted this section to "afford … citizens … very broad opportunities to participate in the effort to prevent and abate air pollution" and urged the courts "to recognize that in bringing legitimate actions under this section citizens would be performing a public service and in such instances the court should award costs of litigation to such party." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986), *internal citations omitted*.

Sierra Club prevailed in this litigation at this Court, before the Seventh Circuit panel, on rehearing and rehearing *en banc*, and before the Supreme Court. Thus, Sierra Club should be awarded reasonable attorney fees and costs for its work at every stage of this litigation.

#### B. The Amount of Attorneys' Fees and Costs Requested by Sierra Club Is Reasonable.

Reasonable attorneys' fees under statutory "fee shifting" provisions like section 304(d) of the Act are determined by finding the "lodestar" amount. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "lodestar" is calculated by multiplying the number of hours reasonably expended on a case by the reasonable hourly rate for each of the services provided.

*Id*. The Supreme Court requires attorneys recovering under fee-shifting statutes to "exclude excessive, redundant, or otherwise unnecessary expenses." *Id*. at 434.

Sierra Club is requesting an award of attorneys' fees in the amount of $335,935.00 and costs in the amount of $36,442.20 in connection with its successful prosecution of this case. The basis for these amounts is explained in detail in attached Exhibit 1, the declaration and exhibits of Attorney Lester A. Pines which is incorporated herein by reference. The hourly rates being sought for plaintiff's attorneys are reasonable because they are in line with the rates plaintiff's counsel charges other clients for similar work in federal court litigation. *See* Pines Dec. at ¶ 23; s*ee also Jeffboat, LLC v. Office of Worker's Compensation Programs*, 553 F.3d 487, 490-91 (7th Cir. 2009) (noting that the Seventh Circuit has allowed the party seeking attorneys' fees to create a reasonable presumption that an hourly rate is reasonable where the attorney demonstrates that the hourly rate requested is in line with the rates the attorney charges other clients for similar work).

The hours plaintiff's attorneys expended in this litigation are also reasonable and were caused largely by the need to respond to Defendants' multiple and varied motions and briefs. *See, e.g.,* Defendants' Motion to Dismiss Khanjee Holding (US) Inc. Or, In the Alternative for Summary Judgment (Docs. 13 and 14), Defendants' Motion and Supporting Memorandum for Leave to Amend the Answer and Affirmative Defenses (Doc. 48), Defendants' Motion and Supporting Memorandum to Exclude the Testimony of Plaintiff's Expert Witness, Mr. Thomas M. McCauley (Doc. 77), Defendants' Motion and Memorandum in Support of Motion to Strike Testimony of Craig Michael Fesler as Support for Plaintiff's Motion and Memorandum for Summary Judgment (Doc. 78), Defendants' Motion to Dismiss Plaintiff's Complaint (Docs. 65 and 66), Defendants' Motion for Summary Judgment (Docs. 63 and 64), Defendants'

Supplemental Brief in Support Of Defendants' Motion For Summary Judgment and In Opposition to Plaintiff's Motion For Summary Judgment (Doc. 118). The Court denied all of the motions listed above. *See* Docs. 29, 127, and 128.

Plaintiff's attorneys also expended significant time and resources examining the more than 15,000 pages of documents Defendants produced in response to discovery and via their Rule 26 disclosures. *See* Pines Dec. at ¶ 21. The Defendants also extended the time on the appeals, requesting numerous settlement conferences and repeatedly requesting delays for the briefing deadlines before both the Seventh Circuit Court of Appeals and the Supreme Court. *See id*. Defendants have played a significant role in drawing out this litigation thereby increasing the work and the hours required by Plaintiff's counsel.

Plaintiff's counsel exercised billing judgment in this petition by writing off time considered to be even arguably disproportionate to the task involved, arguably inefficiently spent, or arguably duplicative in an effort to minimize all possible reasonable disputes and expeditiously end this litigation. *See* Pines Dec. at ¶ 21. The attached Exhibit 2, Affidavit of Rebecca Whittington, Attorney at Law which is incorporated herein by reference, further supports the reasonableness of Plaintiff's counsel hourly rates and time spent in this litigation.

**IV.   CONCLUSION.**

For the foregoing reasons, Sierra Club requests that the Court impose a fine of no less than $100,000 jointly and severally on all three Defendants to be used in support of the following beneficial mitigation project: the Jackson-Union County affiliate of Habitat for Humanity's "The Better Built" program. In addition, the Court should award Sierra Club's reasonable attorneys' fees and costs in the amount of $372,377.20 for this litigation for which the Defendants should be jointly and severally liable.

Dated this 31st day of July, 2009.

                                          CULLEN WESTON PINES & BACH LLP

                                          /s/ Lester A. Pines
                                          Lester A. Pines
                                          Kira E. Loehr
                                          Attorneys for the Plaintiff Sierra Club
                                          122 West Washington Avenue, Suite 900
                                          Madison, WI 53703
                                          Telephone: (608) 251-0101
                                          Fax: (608) 251-2883
                                          E-mail: pines@cwpb.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS, BENTON DIVISION**

| | |
|---|---|
| Sierra Club, ) | |
|         Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action No.  05-4095-JPG |
| Franklin County Power of Illinois, LLC, ) | |
| et al. ) | |
|         Defendants. ) | |

---

**CERTIFICATE OF SERVICE**

---

      I hereby certify that on July 31, 2009, I electronically filed the following documents with the Clerk of Court using the CM/ECF system and provided a copy to defendants' attorney, Stephen M. Soble:

    1.    Plaintiff's Motion and Exhibits for the Imposition of a Fine and for an Award of Attorney's Fees and Costs.

I hereby certify that I am unaware of any non-registered participants, and therefore, I have made no service by United States Postal Service.

                                              Respectfully submitted,

                                              /s/ Lester A. Pines

                                              Lester A. Pines
                                              Cullen Weston Pines & Bach LLP
                                              122 West Washington Avenue #900
                                              Madison, WI 53703
                                              Phone: (608) 251-0101
                                              Fax: (608) 251-2883
                                              E-mail: pines@cwpb.com