IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIERRA CLUB,<br><br>            Plaintiff,<br><br>vs.<br><br>FRANKLIN COUNTY POWER OF ILLINOIS, LLC f/k/a EnviroPower of Illinois, LLC; ENVIROPOWER, LLC; and KHANJEE HOLDING (US) INC.,<br><br>            Defendants. | Case No. 05-cv-4095-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant Khanjee Holding (US) Inc. ("Khanjee") to stay "the judgment and all proceedings mandated by or arising from or in connection with the Court's Order of November 12, 2009" (Doc. 160).  The November 12, 2009, order (Doc. 156) and judgment (Doc. 157) imposed a penalty pursuant to 42 U.S.C. § 7604(g)(2) on Khanjee and its co-defendants jointly and severally in the total amount of $100,000 plus post-judgment interest with directions as to payment of the penalty and accrual of interest.  The order and judgment also awarded costs pursuant to 42 U.S.C. § 7604(d) against Khanjee and its co-defendants jointly and severally in the amount of $375,985.70.  The judgment further declared that the defendants' construction of a power plant in Benton, Illinois, after February 10, 2003, violated the Clean Air Act, 42 U.S.C. § 7475(a) and permanently enjoined the defendants to stop actual construction of the power plant in Benton, Illinois, until they had obtained a valid PSD permit under the Clean Air Act, 42 U.S.C. § 7475(a).  Khanjee has appealed the Court's judgment. Plaintiff Sierra Club has responded to Khanjee's motion to stay (Doc. 167), and Khanjee has replied to that response (Doc. 169).

I.     **Stay of Injunction**

Federal Rule of Civil Procedure 62 governs stays pending appeal of a district court's order. With respect to injunctions, Rule 62(c) provides for a discretionary injunction: "While an appeal is pending from [a] . . . final judgment that grants . . . an injunction, the court may suspend . . . an injunction on terms for bond or other terms that secure the opposing party's rights." In deciding whether to stay an injunction pending appeal, the Court considers factors similar to those it considered when initially granting the injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Hinrichs v. Bosma*, 410 F. Supp. 2d 745, 749 (S.D. Ind. 2006). The party seeking the stay bears the burden of proving it is warranted. *Hilton*, 481 U.S. at 776.

Here, Khanjee has not carried its burden. It has only a negligible chance of success on the merits of its appeal of the Court's permanent injunction. It has already appealed this issue once and been soundly rejected by the Court of Appeals. *See Sierra Club v. Franklin Co. Power of Ill., LLC*, 546 F.3d 918 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2866 (2009). Furthermore, no bond or other terms can compensate the Sierra Club for the irreparable harm it, the public and the environment would suffer if power plant construction in violation of the Clean Air Act were allowed to proceed during this appeal. The defendants simply cannot be allowed to construct the power plant at issue in this case without meeting Clean Air Act requirements, and, as discussed in the Court's order granting the injunction in the first place and the Court of Appeals opinion affirming that order, the defendants have not met those requirements. Conversely, Khanjee has not

shown it would suffer to any significant degree from the incremental additional delay caused by the appeal of this already four-year-old case. Therefore, the Court declines to stay execution of the injunctive relief awarded in its judgment.

## II.     Stay of Non-Injunctive Relief

With respect to non-injunctive judgments, Rule 62(d) states, in pertinent part, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Thus, an appellant may obtain a stay of execution of a monetary judgment pending appeal by posting a bond.[1] The Court finds that the appropriate bond amount is the sum of the penalty and cost awards, plus the amount of post-judgment interest that would accrue on that sum for 31 months, the total amount of time it took to resolve Khanjee's prior appeal of the Court's injunction. Khanjee may obtain a stay of the execution of the monetary portions of the Court's judgment – the award of a penalty and costs – by posting such a bond. If such a stay of execution is granted, it will not toll the accrual of interest on those amounts should the Court's order withstand appellate review. However, Khanjee has not tendered a sufficient bond – or any bond, for that matter – so the Court declines to stay execution of the judgment at this time.

Khanjee's argument in its reply brief that the judgment in this case was entered pursuant to Federal Rule of Civil Procedure 54(b) and that it is therefore impacted by Rule 62(h) is absurd.

---

[1] The Court has discretion to excuse the posting of a bond. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). However, in its motion, Khanjee did not ask the Court to waive the bond requirement, and raising the issue for the first time in its reply brief is too late. *See Wright v. United States*, 139 F.3d 551, 553 (7th Cir.1998) (arguments in support of a motion that are raised for the first time in a reply brief are waived). Thus, the Court need not address the bond waiver issue.

The judgment in this case was entered pursuant to Rule 58 and disposed of all claims against all parties to this litigation.

To the extent Khanjee requests a stay of other proceedings or anything else in this case, it has not provided any authority for such a stay. Accordingly, that request is denied.

### III. Conclusion

For the foregoing reason, the Court **GRANTS in part** and **DENIES in part** Khanjee's motion for a stay (Doc. 160). The motion is **GRANTED** to the extent it requests a stay of execution of the monetary portion of the judgment (the award of a penalty and costs) against Khanjee. The stay will become effective when Khanjee tenders and the Court approves a sufficient supersedeas bond as set forth above. The motion is **DENIED** to the extent it requests any other relief. Until the Court approves the supersedeas bond, the judgment remains in full force and effect as to all defendants.

**IT IS SO ORDERED.**
**DATED:  January 19, 2010**

                                            s/ J. Phil Gilbert
                                            **J. Phil Gilbert**
                                            **United States District Judge**